**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-20180
(Summary Calendar)

CORLIS T. SIMMONS,

                                        Plaintiff-Appellant,

versus

AMERICAN TELEPHONE AND
TELEGRAPH COMPANY,

                                        Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-2803)

November 3, 1995

Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM[*]:

In this employment discrimination case, Plaintiff-Appellant Corlis T. Simmons challenges the district court's grant of summary judgment in favor of Defendant-Appellee American Telephone and Telegraph Company (AT&T). Concluding that Simmons failed to meet

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

the evidentiary burden established for Title VII plaintiffs under McDonell Douglas Corp. v. Green[1] and its progeny, we affirm.

I.

FACTS AND PROCEEDINGS

Simmons, an African-American, has been employed as an account executive (AE) at AT&T for several years; in fact, the parties' appellate briefs suggest that Simmons still works for AT&T. On appeal, Simmons asserts that on four specific occasions between 1992 and 1994, she was subjected to unfair employment practices that were not inflicted on similarly situated, white employees at AT&T.[2] First, Simmons contends that her sales manager, James Priestly, removed a lucrative account from her control and placed it under the direction of a white AE. According to Simmons, that transfer of accounts caused a decrease in her income, as the compensation received by AEs depends in part on the revenue value of their accounts. Second, Simmons asserts that when she and several white employees were chosen to receive the company's Sales Vice President (SVP) Award for having made an outstanding sale, the white employees were given higher compensation despite having produced less in sales. Third, Priestly allegedly accused Simmons on one occasion of using cocaine. More specifically, on the date in question, Simmons mentioned that she needed to get her can of Coke from a co-worker's desk, to which Priestly allegedly

---

[1]411 U.S. 792 (1973).

[2]Simmons detailed other allegedly discriminatory incidents before the district court, but she does not raise them on appeal.

2

responded, "Going to retrieve your drugs, huh?" Finally, Priestly and other AT&T managers supposedly refused to help Simmons track revenue which she claimed had been wrongly attributed to another AE.

In August 1994, Simmons filed suit against AT&T in district court, alleging inter alia that she had been discriminated against in violation of Title VII[3] and of the Civil Rights Act of 1866 (§ 1981).[4] After both parties had conducted fairly extensive discovery, the district court granted AT&T's motion for summary judgment dismissing Simmons's complaint, and she timely appealed.

II.

ANALYSIS

A.    STANDARD OF REVIEW

When reviewing a grant of summary judgment, we view the facts and inferences in the light most favorable to the non-moving party;[5] and we apply the same standards as those governing the lower court in its determination.[6] Summary judgment must be granted if a court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[3]42 U.S.C. §§ 2000(e) et seq.

[4]42 U.S.C. §§ 1981 et seq. Simmons also brought various claims under Texas state law, but she does not renew those claims on appeal.

[5]See Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 266 (5th Cir. 1995).

[6]See Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1065 (5th Cir. 1995).

judgment as a matter of law."[7]  If any element of the plaintiff's case lacks factual support, a defendant's motion for summary judgment should be granted.[8]  Applying this standard, we conclude that the district court properly granted summary judgment for AT&T.

B.    THE MERITS OF SIMMONS'S CLAIM

The Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>[9] delineated special rules of proof for employment discrimination claims.  The <u>McDonnell</u> standard reflects an effort "`to sharpen the inquiry into the elusive factual question of intentional discrimination.'"[10]    Recognizing that direct evidence of discrimination is rarely available, <u>McDonnell</u> and its progeny have set forth the steps of an evidentiary "minuet" through which the parties may in turn establish, rebut, and rebuild a permissible inference of discrimination.[11]

The steps of the minuet are as follows:  First, the plaintiff must prove a prima facie case of discrimination by a preponderance

---

[7]FED. R. CIV. P. 56(c).

[8]<u>See</u> <u>Burden v. General Dynamics Corp.</u>, 60 F.3d 213, 216 (5th Cir. 1995).

[9]411 U.S. 792.

[10]<u>Thornbrough v. Columbus and Greenville R. Co.</u>, 760 F.2d 633 (5th Cir. 1985) (quoting <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 255 n.8 (1981)), <u>abrogated on other grounds</u>, <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742 (1993).

[11]The allocation of evidentiary burdens established in <u>McDonnell</u> also applies to Simmons's § 1981 claim.  <u>See</u> <u>Marcantel v. State of La., Dept. of Transp. & Dev.</u>, 37 F.3d 197, 198 n.4 (5th Cir. 1994); <u>Anderson v. Douglas & Lomason Co., Inc.</u>, 26 F.3d 1277, 1284 n.7 (5th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1099 (1995).

4

of the evidence.[12]  The showing required to establish a prima facie case is generally minimal:  The plaintiff need only prove that he or she (1) is within the protected class, (2) is qualified for the job in question, and (3) has been treated less favorably than employees outside of the protected class.[13]  If the plaintiff successfully establishes a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the difference in treatment.[14]  Finally, if the defendant successfully performs that second step, the plaintiff must show that the employer's articulated reasons were not its true reasons, but were merely pretexts for discrimination.[15]  If this macabre dance lasts that long, a trial ensues in which the plaintiff has the burden of proving that a Title VII violation occurred.[16]

Even if we assume, arguendo, that Simmons has presented a prima facie case of discrimination, she has nonetheless failed to meet the burdens imposed by McDonnell; and so the district court properly entered summary judgment for AT&T.  As to the first two instances of alleged discrimination, AT&T presented to the district court legitimate, nondiscriminatory reasons for the actions of its

---

[12]See Burdine, 450 U.S. at 252.

[13]See Waggoner v. City of Garland, Tex., 987 F.2d 1160, 1163-64.

[14]See Burdine, 450 U.S. at 253 (quoting McDonnell, 411 U.S. at 802).

[15]See Burdine, 450 U.S. at 253 (quoting McDonnell, 411 U.S. at 804); Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1087 (5th Cir. 1994) (citing St. Mary's Honor Center, 113 S. Ct. 2742).

[16]Davis, 14 F.3d at 1087.

managers.  First, in a deposition given under oath, Priestly maintained that he had removed Simmons from the account in question after he received a phone call from the client complaining about Simmons's performance.  Similarly, Priestly explained that Simmons had in fact not been selected for an SVP award; rather, after a branch manager erroneously announced that Simmons was to receive the award, AT&T managers accumulated money to give to her so that she would not be disappointed or embarrassed.  In response, Simmons offered no competent evidence to show that either of Priestly's benign explanations amounted to pretext.  We have consistently held that a plaintiff's subjective beliefs and conclusionary allegations, unsupported even by circumstantial evidence, are insufficient to sustain a claim of discrimination in the face of evidence showing an adequate, nondiscriminatory reason for the behavior at issue.[17]

Likewise, Simmons cannot rely on her final two alleged instances of differential treatment to establish an employment discrimination claim.  Even assuming that Priestly made the "Coke" statement and that the comment was somehow infused with implicit racial overtonesSQwhich, candidly, we cannot discernSQsuch vague, "stray remarks" are insufficient to establish discrimination.[18]  Moreover, Simmons produced no factual evidence to support her bald

---

[17]See Waggoner, 987 F.2d at 1164, 1166; Molnar v. Ebasco Constructors, Inc., 986 F.2d 115, 119 (5th Cir. 1993).

[18]See Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144 (5th Cir. 1995); Guthrie v. Tifco Industries, 941 F.2d 374 (5th Cir. 1991), cert. denied, 503 U.S. 908 (1992);

assertion that AT&T managers failed to help her track "lost" revenue.  In the face of the numerous documents and affidavits produced by AT&T to show that the revenue in question had in fact been traced to her account, Simmons's conclusionary allegations fail to raise any genuine factual issue, much less to support a finding of racial discrimination.

In summary, we conclude that none of the incidents addressed by Simmons amounts to a violation of Title VII or of § 1981. Accordingly, we affirm the district court's grant of summary judgment for AT&T.

AFFIRMED.