United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 05-41572

(Summary Calendar)

—————————

PAULA HIRTH,

Plaintiff - Appellant,

versus

METROPOLITAN LIFE INSURANCE CO; SYNCHRONY INTERGRATED DISABILITY SERVICES; ELECTRONIC DATA SYSTEMS CORPORATION, also known as EDS,

Defendants - Appellees.

—————————————————————————————————————

Appeal from the United States District Court
For the Eastern District of Texas
5:04-CV-53

—————————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Paula Hirth ("Hirth") appeals the district court's grant of summary judgment to defendants

Electronic Data Systems ("EDS") and Metropolitan Insurance Company ("Met Life"), on her claims

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of breach of contract and breach of the duty of good faith and fair dealing arising from the defendants' cessation of her disability benefits.

In 2002, Hirth requested short term disability benefits from her employer, EDS, as she recovered from a series of back surgeries. The EDS short term disability policy is managed by a subsidiary of Met Life. The Policy is designed to provide up to 26 weeks of continued pay for employees who must be absent from the workplace due to injuries that prevent them from working. Details about the Policy are included in the Benefits Handbook, a section of the Employee Handbook. The Benefits Handbook states that EDS has the right to modify the policy at any time, and a disclaimer makes it clear that the handbook is merely a guideline and "should not be interpreted as altering an individual's employment relationship and do[es] not constitute an employment contract." Met Life stopped providing short-term disability benefits after 25 weeks, one week before the long term disability coverage was due to begin, asserting that the benefits were discontinued because Hirth failed to provide the requested medical documentation to support her continued inability to work. The district court granted summary judgment to both EDS and Met Life, agreeing with their argument that the short term disability policy did not constitute a valid contract between Hirth and EDS and Met Life. Hirth now appeals.

We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Willis v. Coca Cola Enter. Inc.*, 445 F.3d 413, 416 (5th Cir. 2006). Summary judgement is properly granted when there is no genuine dispute as to material fact and the movant is entitled to judgment as a matter of law. *Federal Ins. Co. v. Ace Prop. & Cas. Co.*, 429 F.3d 120, 122 (5th Cir. 2005).

Hirth argues that the short term disability policy is a valid contract and that because EDS

intended to be bound by the policy, it should be enforced by this court. This argument fails. The disclaimers contained in the Benefits Handbook "negate[ ] any implication that a personnel procedures manual places a restriction on the employment at will relationship." *Federal Exp. Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993). *See also Gamble v. Gregg Co.*, 932 S.W.2d 253, 255 (Tex. App.—Texarkana, 1996, no writ) ("In an employment-at-will situation, an employee policy handbook or manual does not, of itself, constitute a binding contract for the benefits or policies stated unless the manual uses language clearly indicating an intent to do so.").

Hirth also asserts that EDS and Met Life owed her a duty of good faith and fair dealing. She appears to argue that because the granting of long-term disability benefits is dependent on the exhaustion of the short-term disability benefits, EDS and Met Life had a financial interest in any decision as to whether to continue to provide short-term disability benefits. She contends that the decision to deny long-term disability benefits was, in effect, due to the denial of the short term disability benefits and therefore asserts that the decision to deny the long-term benefits is subject to the duty of good faith and fair dealing.

The general rule provides that a duty of good faith and fair dealing cannot arise from an at-will employment relationship. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000). Hirth instead relies on *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987), and analogizes her situation to that of an insurer and the insured, who can have, in certain situations, a special relationship. *Id.* at 167. Thus, when an insurer breaches the duty of good faith and fair dealing, Texas allows a cause of action by the insured. *See Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 162 (5th Cir. 1994).

Irrespective of the merits of her argument, Hirth's state law claim is preempted by the

Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1144(a) ("[T]he provisions of this . . . chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."); *Unum Life Ins. Co. v. Ward*, 526 U.S. 358, 363 (1999). The long-term benefits plan is an employee welfare benefit plan cognizable under ERISA. *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir. 1990). Hirth's claims as to the denial of the long-term disability plan are therefore preempted. *See Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 276 (5th Cir. 2004) (holding that ERISA preempted plaintiff's common law claim for breach of the duties of good faith and fair dealing arising from the denial of long-term disability benefits).[1] As she raises no claims under ERISA, her claims as to the long-term disability benefits must fail.

Hirth then argues that she is due damages from the defendants' breach of contract as to the short-term disability benefits and that this claim for damages is not preempted by ERISA. However, as discussed above, Hirth's claim as to breach of contract fails, and thus, she cannot recover damages flowing from the alleged breach. *See Ham Marine, Inc. v. Dresser Indus. Inc.*, 72 F.3d 454, 462 (5th Cir. 1995) (disallowing damages where the underlying claim fails as a matter of law).

Therefore, we AFFIRM the grant of summary judgment.

---

[1]     Hirth concedes that the long-term disability benefit plan is governed by ERISA.