# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10667

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2014

Lyle W. Cayce
Clerk

MAETTA GREEN,

Plaintiff-Appellant

v.

MEDCO HEALTH SOLUTIONS OF TEXAS, L.L.C.; MEDCO HEALTH
SOLUTIONS, INCORPORATED; AON HEWITT ABSENCE
MANAGEMENT, L.L.C., formerly known as Disability Management
Alternatives, L.L.C., doing business as Hewitt LCG,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2432

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Maetta Green appeals from the district court's grant of summary judgment in favor of the defendants in her suit alleging employment discrimination and breach of contract. We AFFIRM for essentially the same reasons given by the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10667

Green is a former employee of defendant Medco Health Solutions of Texas, LLC (Medco).  Green had a history of attendance issues at work, for which she was verbally cautioned.  In June 2010, Green stopped working because of health issues related to headaches and blurred vision, for which she sought treatment from several doctors.  She applied for short term disability benefits under Medco's benefits program, but the third-party claims administrator, defendant Aon Hewitt, determined that she was not disabled.  Green subsequently filed two appeals of the benefits decision, both of which were denied.

In October 2010, Green's absences from work up to that point were wiped clean because her job became subject to a different attendance policy under a collective bargaining agreement.  In December 2010, after Green's second appeal of the benefits decision was denied, Medco determined that Green's absences from work had been unexcused, and it terminated her for violating the company's attendance policy.  Green filed suit, alleging that Medco terminated her because of a disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; that Medco failed to engage in discussions of accommodation, also in violation of the ADA; and that Medco's denial of short term disability benefits was a breach of contract.  The district court rejected each of these claims.

We review the district court's grant of summary judgment de novo, applying the same standards as the district court.  *See Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014); Fed. R. Civ. P. 54(a).

Green argues first that the district court erred in granting summary judgment on her breach of contract claim because short term disability benefits were promised to her as one of the terms of her employment.  The benefit plan summary stated, however, that nothing within the summary "shall be construed to create any promise or contractual right to employment or to the

benefits of employment." Green was an at-will employee, and she fails to show that providing short term disability benefits was promised as a term of employment. The plan summary specifically stated that providing short term disability benefits was a payroll practice and that Medco could amend or terminate the benefits program in whole or in part at any time. The district court correctly concluded that, under Texas law, there was no valid contract. *See Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993); *see also Hirth v. Metro. Life Ins. Co.*, 189 F. App'x 292, 293 (5th Cir. 2006); *cf. Gamble v. Gregg Cnty.*, 932 S.W.2d 253, 255 (Tex. App.—Texarkana 1996, no writ) ("In an employment-at-will situation, an employee policy handbook or manual does not, of itself, constitute a binding contract for the benefits or policies stated unless the manual uses language clearly indicating an intent to do so.").

Moreover, even if there were a contract, Medco and the claims administrator followed the procedures outlined in the plan summary for reviewing a disability benefits claim, including the two-step appeals process. The peer review conducted of Green's medical records showed that Dr. McCurley deferred to the neurologist on work functionality issues. The neurologist indicated in an affidavit that Green was unable to perform her job functions due to headaches, impaired cognition from the headaches, and blurred vision. However, she also stated in the peer-to-peer consultation that the headaches alone were not disabling. Further, there were no objective examination reports of Green's cognition, and Green's visual acuity and field examinations were normal. We conclude from our review of the record that the claims administrator did not abuse its discretion in concluding that Green failed to present objective medical evidence in support of her disability claim, and Green has not shown a breach of any purported contract. *See Atkins v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, 694 F.3d 557, 566 (5th Cir.

3

No. 13-10667

2012) ("[R]eview of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low end." (internal quotation marks and citation omitted)); *see also Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 478 (5th Cir. 2008) ("We may affirm the district court's summary judgment on any ground raised below and supported by the record.").

Green next challenges the district court's grant of summary judgment on her ADA claims. The ADA prohibits employers from discriminating against qualified employees who have disabilities and requires employers to make reasonable accommodations for those employees. *See* 42 U.S.C. § 12112. In order to prevail on her claim of disability discrimination, Green had to show that (1) she is disabled, (2) she is qualified for her job, and (3) her employer discriminated against her because of her disability. *See Neely v. PSEG Tex., Ltd.*, 735 F.3d 242, 245 (5th Cir. 2013).

In the district court, Medco assumed for purposes of summary judgment that Green was disabled. It argued, however, that she was not qualified insofar as she could not perform the essential functions of her job because she could not attend work. *See, e.g., Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996) (recognizing that the ability to appear for work is an essential function of most jobs). Green argues that compliance with Medco's attendance policy was not an essential part of the job. The district court assumed, however, as do we, that Green was a qualified individual and had stated a prima facie case. We therefore proceed to her next argument.

Medco put forth evidence that it terminated Green because she had an unallowable number of unexcused absences under its attendance policy, and that it had terminated other employees for similar reasons. This was a legitimate, non-discriminatory reason for the termination, and it shifted the

4

burden to Green to show that it was merely a pretext for discrimination. *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009).

Green argues that there are factual issues in dispute as to Medco's proffered reason because she was eligible for an exception to Medco's attendance policy. The exception to the policy permitted an employee to count an absence from work of "two days or more" as a single "occurrence" rather than as multiple absences if, *inter alia*, the employee provided a confirming doctor's note. If Green's absence from work in October and November 2010 were treated as a single occurrence, she would not have been in violation of the attendance policy. Green did not provide a confirming doctor's note, however. She argues that there are factual issues about whether she had an opportunity to submit a note, but Medco presented evidence that the exception was inapplicable in any event. Medco's witnesses explained that the exception generally applied to common short term absences, such as for a cold or flu, and was not meant to apply to the kind of prolonged multiple-month absence that Green experienced, which is generally subject to a reasonableness standard. As the district court held, Green presented no summary judgment evidence to contradict Medco's interpretation of the policy or its calculation of absences, nor does she point to any evidence on appeal. *See, e.g., Simmons v. AT&T*, 71 F.3d 876, 1995 WL 725457, at *2 (5th Cir. 1995) (unpublished) ("We have consistently held that a plaintiff's subjective beliefs and conclusionary allegations, unsupported even by circumstantial evidence, are insufficient to sustain a claim of discrimination in the face of evidence showing an adequate, nondiscriminatory reason for the behavior at issue."); 5th Cir. R. 47.5.3. Green thus fails to show pretext.

Green next argues that Medco violated the ADA by failing to respond to her requests for a reasonable accommodation in order to return to work. The ADA requires an employer to respond to an employee's request for

accommodation by engaging "in a good faith interactive process" to find a means of accommodating the employee's disability. *See Chevron Phillips*, 570 F.3d at 621. The employer may not short-circuit the interactive dialogue by terminating the employee rather than considering the request. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).

Green argues that Medco violated its obligation under the ADA to engage in discussions of reasonable accommodation because it failed to respond to two letters from her attorney, one on December 1, 2010, and another on December 8, 2010. The record shows the following timeline with respect to Green's requests: on Friday, November 26, 2010, Aon denied Green's final appeal of the denial of short term disability benefits; on Wednesday, December 1, Green notified Medco through her attorney that she could return to work but requested an accommodation in the form of a modified work schedule; on Monday, December 6, Medco contacted Aon about the status of Green's disability appeal; the claims administrator notified Medco on December 7 that Green's second and final appeal had been denied; Green's lawyer sent a second letter to Medco on December 8; on December 9, Medco, having been informed by the administrator that Green was not disabled, determined that Green's absences were unexcused, and it formally terminated her for violation of the attendance policy.

The district court held that Medco did not violate the ADA's requirement that it engage in discussions with Green about accommodations for two reasons. First, the court determined that Green's request was untimely because Medco had already effectively determined that Green would be terminated because of the application of the attendance policy. Second, the court determined that Green's request would require Medco to overlook misconduct that had already occurred, i.e. Green's unexcused absence from work in October and November 2010.

No. 13-10667

Green, who is represented by counsel, does not address the district court's timeliness analysis.  Green asserts that Medco could not stymie the interactive process of discussion once her lawyer made the requests, but she does not address the district court's finding that Medco had already effectively terminated her.  Therefore, Green has waived a challenge to this basis for the court's decision.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Green argues that Medco's attendance policy is not an essential function of the job.  To the extent that this argument is meant to assert that Medco could not have effectively terminated her for violation of the policy, the argument is belied by the record, which shows that the attendance policy was strictly enforced, that Medco had enforced it against other employees, and that Green did not know of any employee who violated the attendance policy but was not terminated.  Moreover, as the district court held, courts have recognized that an accommodation that requires an employer to ignore prior misconduct, including a violation of an attendance policy, is not the kind of reasonable accommodation mandated under the ADA.  *See, e.g., Brookins v. Indianapolis Power & Light Co.*, 90 F. Supp. 2d 993, 1007 (S.D. Ind. 2000) ("To the extent [the employee] argues that [the employer] should have overlooked his long string of absences, this is not an 'accommodation' that is required by the ADA.").  Green's absences from October through November 2010 were unexcused because her disability claim was denied, and her request for a modified work schedule effectively required Medco to ignore that fact.  Green argues, however, that the ADA requires employers to give preferential treatment to employees with a disability.  Because Green's argument that she should have been entitled to preferential treatment is made for the first time

7

on appeal, we do not consider it. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339–40 (5th Cir. 2005).

AFFIRMED.