Steven GAMBLE, Appellant

v.

GREGG COUNTY, Texas, Appellee.

No. 06–96–00019–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 5, 1996.

Decided Oct. 1, 1996.

Gregory W. Neeley, Akin, Bush, Neeley and Mason, Longview, for Appellant.

Dawn Bruner Finlayson, Judith R. Blakeway, Wells Pinckney & McHugh, San Antonio, for Appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

Steven Gamble appeals from an adverse judgment in his action against Gregg County to recover payment for unused sick leave accumulated while he was employed as an assistant district attorney. The case was tried to the court on stipulated facts. Gamble contended that the Gregg County personnel manual's provisions gave him contractual and property rights to payment for the accumulated but unused sick leave. The district court found otherwise and rendered a take-nothing judgment. We affirm.

Gamble worked for Gregg County as an assistant district attorney from January 7, 1985 until July 31, 1991, when he voluntarily resigned. From the beginning of his employment until July 9, 1990, the county personnel manual provided that employees with at least five years of continuous employment would be paid, on termination of their employment, the value of one-half day's wages for each day of accrued but unused sick leave. On July 9, 1990, the county adopted a new personnel manual that restricted the right to receive compensation in lieu of sick leave to only those employees who retired. It excluded employees whose employment terminated prior to retirement.

On the date of Gamble's resignation, he had $4,098.70 worth of sick leave under the terms of the original policy manual.

Gamble contends that the provisions of the original personnel manual created a contractual and property right in him to the accumulated sick leave, which right vested when he completed five years' service, and that the subsequent change in the personnel manual could not divest him of those rights. He does not contend that he had an oral contract for such benefits, nor does he dispute that his employment with the county was an at-will relationship.

The pertinent provisions of the original policy manual in effect when Gamble began his employment are:

> The personnel policies, practices and guidelines in this Policy Manual will remain in effect until changes are considered necessary. However, any such change to be made in any personnel policy or practice will be made only after we give due consideration to the mutual advantages, benefits, and responsibilities of such changes on you as a supervisor and other employees. Should such changes be warranted and approved, you will be notified immediately and given revised policy changes which are to be placed where indicated in the Policy Manual.

The applicable portion of the original manual regarding sick leave states:

D. *Maximum Accumulation*

(1) County employees can accumulate sick leave up to a maximum of sixty days. Commencing June 1, 1974, an employee may be paid, at his regular rate of pay, for his accumulated sick leave upon the following conditions:

    a. An employee who has been employed by Gregg County for five consecutive years shall upon leaving the employment of Gregg County for any reason whatsoever, be paid on a perdiem (sic) basis, one-half of his current salary for each leave day accrued.

■ In an employment-at-will situation, an employee policy handbook or manual does not, of itself, constitute a binding contract for the benefits and policies stated unless the manual uses language clearly indicating an intent to do so. *Zimmerman v. H.E. Butt Grocery Co.,* 932 F.2d 469 (5th Cir.1991); *Shell Oil Co. v. Humphrey,* 880 S.W.2d 170, 176 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Almazan v. United Servs. Auto Ass'n,* 840 S.W.2d 776, 781 (Tex.App.—San Antonio 1992, writ denied); *Day & Zimmermann, Inc. v. Hatridge,* 831 S.W.2d 65, 69 (Tex.App.—Texarkana 1992, writ denied); *McAlister v. Medina Elec. Coop.,* 830 S.W.2d 659, 664 (Tex.App.—San Antonio 1992, writ denied); *Hicks v. Baylor Univ. Medical Ctr.,* 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Vallone v. Agip Petroleum Co.,* 705 S.W.2d 757, 759 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536, 539 (Tex. App.—Corpus Christi 1982, no writ).

■ The manual involved here does not contain express contractual language. Rather, it refers to its provisions as "policies, practices, and guidelines." Moreover, it expressly provides that the county may unilaterally change the policies and practices. Those kinds of provisions do not clearly express an intent to vest contractual or property rights. *See Ryan v. Superior Oil Co.,* 813 S.W.2d 594, 596 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Hicks v. Baylor Univ. Medical Ctr., supra; Reynolds Mfg. Co. v. Mendoza, supra.*

Gamble relies on several cases holding that personnel manuals may create contractual rights. In all of those cases, however, there is either language in the manuals expressing contractual intent, or the manuals were complemented by oral agreements making the policy provisions binding. *See, e.g., Miller v. Riata Cadillac Co.,* 517 S.W.2d 773, 774–75 (Tex.1974); *Handy Andy, Inc. v. Rademacher,* 666 S.W.2d 300 (Tex.App.—San Antonio 1984, no writ); *Hamby Co. v. Palmer,* 631 S.W.2d 589 (Tex.App.—Amarillo 1982, no writ); *Marine Inspection Serv., Inc. v. Alexander,* 553 S.W.2d 185 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Interstate Hosts, Inc. v. Thompson,* 435 S.W.2d 957, 958 (Tex.Civ.App.—Dallas 1968, no writ). We do not have that situation here.

■ A personnel manual does not create property interests in the stated benefits and policies unless some specific agreement, statute, or rule creates such an interest. *Byars v. City of Austin,* 910 S.W.2d 520, 524 (Tex. App.—Austin 1995, writ denied); *Cote v. Rivera,* 894 S.W.2d 536, 541 (Tex.App.—Austin 1995, no writ); *Loftis v. Town of Highland Park,* 893 S.W.2d 154, 156 (Tex.App.—Eastland 1995, no writ); *Mott v. Montgomery County,* 882 S.W.2d 635, 638–39 (Tex.App.—Beaumont 1994, writ denied); *Whitehead v. University of Texas,* 854 S.W.2d 175, 181 (Tex.App.—San Antonio 1993, no writ); *Renken v. Harris County,* 808 S.W.2d 222, 226 (Tex.App.—Houston [14th Dist.] 1991, no writ).

■ Gamble argues that, under the terms of the original personnel manual, his right to payment for the accrued sick leave became absolute when he had worked five years, and because the right was earned before the manual was changed, he is entitled to payment. We disagree. The original personnel manual provided that the accrued sick leave benefits would be paid only on the termination of Gamble's employment. The five-year work provision was a *condition* for payment, but the payment was to be made only at the time his employment ended. *See Willets v. City of Creston,* 433 N.W.2d 58 (Iowa Ct.App.1988). When his employment ended, the personnel manual had been changed, and it no longer provided for payment of the sick leave benefits to nonretired employees.

In an employment-at-will relationship, either party may modify the employment terms as a condition of continued employment. When the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit. If the employee continues working with knowledge of the changes, he accepts the modified terms as a matter of law and gives up any right to claim anything other than that provided by the new terms. *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227 (Tex.1986); *Willets v. City of Creston, supra.* Gamble continued working for the county after the personnel manual had been changed to eliminate the right to payment for unused sick leave. He therefore gave up any right to claim benefits under the superseded manual.

For the reasons stated, the judgment of the trial court is affirmed.