Jim WERDEN, et al., Appellants,

v.

NUECES COUNTY HOSPITAL DISTRICT, d/b/a Memorial Medical Center, Appellee.

No. 13–99–025–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 10, 2000.

Les Cassidy, Kleberg & Head, Corpus Christi, for appellant.

Randall Lewis Meredith, Asst. County Atty., Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellants, Jim Werden, Ken Gillmore, and Chuck Rittiman,[1] appeal from the granting of a summary judgment in favor of appellee, Nueces County Hospital District (d.b.a. Memorial Medical Center). By two issues, appellants generally contend that a contractual relationship existed between appellants and appellee and that appellants were entitled to compensation for accrued sick leave benefits. We affirm.

It is undisputed that Werden, Gillmore, and Rittiman were "at will" employees of appellee and that each had accrued sick leave when their employment with appellee ended after approximately twenty, thirteen, and twelve years, respectively. Each appellant testified he did not have a written employment contract with appellee. Appellants do not claim any oral agreement existed regarding the payment of accrued sick leave upon termination. Nonetheless, appellants sued appellee for breach of contract.

Appellee filed a motion for summary judgment on the basis that no contractual obligation existed between the parties. Appellee also asserted a statute of frauds defense. Appellants filed a cross-motion for summary judgment asserting a contractual relationship. The trial court granted appellee's motion, ordering that plaintiffs take nothing. The court denied appellants' cross-motion.[2]

■ Granting a defendant's motion for summary judgment is proper only when the evidence establishes there is no genuine issue of material fact concerning at least one essential element of a plaintiff's cause of action, see *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970), or conclusively establishes each element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). On cross-motions for summary judgment, each party bears the burden of establishing it is entitled to judgment as a matter of law. *See Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex.1993). When the trial court grants one motion and denies the other, the appellate court should determine all questions presented. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). The reviewing court should render the judgment the trial court should have rendered. *See Agan*, 940 S.W.2d at 81; *Members Mut. Ins. Co. v. Hermann*

---

1. Brenda Park, plaintiff in the underlying lawsuit, is not a party to this appeal.

2. The order on appellee's motion for summary judgment stated that "[a]ny relief not specifically granted herein is denied."

*Hosp.,* 664 S.W.2d 325, 328 (Tex.1984). Because the trial court's judgment did not specify the ground relied upon for its ruling, we will affirm the judgment if any of the theories advanced are meritorious. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

By issues one and two, appellants assert they established a contractual relationship with appellee, and that the terms of their employment included the accrual of benefits as a form of compensation for labor performed on appellee's behalf.

Appellee's employee handbook, relevant portions of which were attached as summary judgment evidence in this case, expressly provided:

> This handbook is not a contract, expressed or implied, guaranteeing employment for any specific duration. The policies and other information contained in this handbook are subject to change at any time due to business needs.... The guidelines of this handbook do not constitute a contract of employment, nor any other binding agreement. Your employment is "at will."

█ "In an employment-at-will situation, an employee policy handbook or manual does not, of itself, constitute a binding contract for the benefits and policies stated unless the manual uses language clearly indicating an intent to do so." *Gamble v. Gregg County,* 932 S.W.2d 253, 255 (Tex.App.—Texarkana 1996, no writ) (citations omitted). Neither does an employee handbook "create property interests in stated benefits and policies unless some specific agreement, statute, or rule creates such an interest." *Id.* (citations omitted). The employee handbook utilized at the time appellants left the employ of appellee did not contain express contractual language. Rather, it referred to policies, procedures and guidelines. We conclude the above provisions from appellee's employee handbook clearly do not express an intent to vest contractual or property rights. *See id.* (citing *Ryan v. Superior Oil Co.,* 813 S.W.2d 594, 596 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Hicks v. Baylor Univ. Medical Ctr.,* 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536, 539 (Tex.App.—Corpus Christi 1982, no writ)).

█ It is undisputed that appellee, at one time, had a sick leave policy that allowed an employee to be paid for accrued sick leave at the time his employment ended. This portion of an employee's final pay was contingent on the following conditions: (1) the employee was retiring in accordance with hospital approved retirement policies; or (2) the employee was resigning and leaving the hospital after having completed a minimum of ten years of continuous service as a full time regular employee and was not resigning in lieu of discharge for cause or being discharged for cause. Being a retiring employee or one who was resigning after working at least ten years full time employment, however, did not create a property right or contractual right in the accrued benefits. *See Gamble,* 932 S.W.2d at 255 (citation omitted). The retirement and ten year provisions were conditions for payment, but the payment was to be made only at the time employment ended. *See id.* When appellants' employment ended, the employee handbook had changed. It no longer provided for payment of accrued sick leave benefits to retiring or long term employees. *See id.*

█ Appellants also contend that neither party may unilaterally alter accrued compensation for labor already performed without consideration because accrued benefits are not a gratuity, but a legally enforceable obligation. However, an employee handbook expressly giving appellee discretion to change its sick leave benefits does not create a protected interest in accrued benefits. *See e.g., Bailey v. City of Austin,* 972 S.W.2d 180, 191 (Tex.App.—Austin 1998, pet denied) (handbook expressly giving city right to amend or eliminate health benefits does not create pro-

tected interest in those benefits) (citing *Byars v. City of Austin*, 910 S.W.2d 520, 524 (Tex.App.—Austin 1995, writ denied) (employee manual expressly giving city discretion to terminate employees did not create protected interest in continued employment)). Additionally, "[i]n an employment-at-will relationship, either party may modify the employment terms as a condition of continued employment." *Gamble*, 932 S.W.2d at 256. Appellee's employee handbook specifically set out that "[t]he policies stated in this handbook are subject to change at the sole discretion of [the hospital]. From time to time, you may receive updated information concerning changes in policy. If you have any questions regarding any policies, please ask your supervisor ... for assistance." Thus, the employee handbook which detailed several benefits available to its employees, also gave appellee the right to change the benefits at any time. Appellee did, in fact, change its policy regarding sick leave before any of the appellants left his employment with appellee. The new policy of which appellants were informed provided that "[a]t the end of each calendar year, employees may be eligible to sell back accrued sick time at the rate of 2 for 1 in accordance with the Sick Leave Policy. SICK LEAVE IS NOT PAID UPON TERMINATION."

"When the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit." *Id.* If he continues working with knowledge of the changes, the employee accepts the modified terms as a matter of law and gives up any right to claim anything other than that which is provided by the new terms. *See id.*, (citing *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex.1986)). Appellants continued working for appellee after its policy had changed. Appellants accepted the new terms by remaining employed, and, thus, gave up any right to claim benefits under the superseded policy.

Thus, we conclude that no valid contract existed between appellants and appellee, and that appellants do not have a legally enforceable interest in the accrued sick leave benefits. Issues one and two are overruled.

Accordingly, we AFFIRM the judgment of the trial court.