NUMBER 13-99-025-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JIM WERDEN, ET AL.
, Appellants,


v.



NUECES COUNTY HOSPITAL DISTRICT, 

D/B/A MEMORIAL MEDICAL CENTER , Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 3


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N


Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Appellants, Jim Werden, Ken Gillmore, and Chuck Rittiman,(1)
appeal from the granting of a summary judgment in favor of appellee,
Nueces County Hospital District (d.b.a. Memorial Medical Center). By
two issues, appellants generally contend that a contractual relationship
existed between appellants and appellee and that appellants were
entitled to compensation for accrued sick leave benefits. We affirm.

 It is undisputed that Werden, Gillmore, and Rittiman were "at will"
employees of appellee and that each had accrued sick leave when their
employment with appellee ended after approximately twenty, thirteen,
and twelve years, respectively. Each appellant testified he did not have
a written employment contract with appellee. Appellants do not claim
any oral agreement existed regarding the payment of accrued sick leave
upon termination. Nonetheless, appellants sued appellee for breach of
contract. 

 Appellee filed a motion for summary judgment on the basis that
no contractual obligation existed between the parties. Appellee also
asserted a statute of frauds defense. Appellants filed a cross-motion for
summary judgment asserting a contractual relationship. The trial court
granted appellee's motion, ordering that plaintiffs take nothing. The
court denied appellants' cross-motion.(2)

 Granting a defendant's motion for summary judgment is proper
only when the evidence establishes there is no genuine issue of material
fact concerning at least one essential element of a plaintiff's cause of
action, see Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970), or conclusively establishes each element of an affirmative
defense. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979). On cross-motions for summary judgment, each
party bears the burden of establishing it is entitled to judgment as a
matter of law. See Guynes v. Galveston County, 861 S.W.2d 861, 862
(Tex.1993). When the trial court grants one motion and denies the
other, the appellate court should determine all questions presented. 
See Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 81
(Tex.1997); Jones v. Strauss, 745 S.W.2d 898, 900 (Tex.1988). The
reviewing court should render the judgment the trial court should have
rendered. See Agan, 940 S.W.2d at 81; Members Mut. Ins. Co. v.
Hermann Hosp., 664 S.W.2d 325, 328 (Tex.1984). Because the trial
court's judgment did not specify the ground relied upon for its ruling,
we will affirm the judgment if any of the theories advanced are
meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374,
380 (Tex.1993). 

 By issues one and two, appellants assert they established a
contractual relationship with appellee, and that the terms of their
employment included the accrual of benefits as a form of compensation
for labor performed on appellee's behalf. 

 Appellee's employee handbook, relevant portions of which were
attached as summary judgment evidence in this case, expressly
provided:

 This handbook is not a contract, expressed or implied,
guaranteeing employment for any specific duration. The
policies and other information contained in this handbook are
subject to change at any time due to business needs. . . . 
The guidelines of this handbook do not constitute a contract
of employment, nor any other binding agreement. Your
employment is "at will."


 "In an employment-at-will situation, an employee policy handbook
or manual does not, of itself, constitute a binding contract for the
benefits and policies stated unless the manual uses language clearly
indicating an intent to do so." Gamble v. Gregg County, 932 S.W.2d
253, 255 (Tex. App.--Texarkana 1996, no writ) (citations omitted). 
Neither does an employee handbook "create property interests in stated
benefits and policies unless some specific agreement, statute, or rule
creates such an interest." Id. (citations omitted). The employee
handbook utilized at the time appellants left the employ of appellee did
not contain express contractual language. Rather, it referred to policies,
procedures and guidelines. We conclude the above provisions from
appellee's employee handbook clearly do not express an intent to vest
contractual or property rights. See id. (citing Ryan v. Superior Oil Co,
813 S.W.2d 594, 596 (Tex. App.--Houston [14th Dist.] 1991, writ
denied); Hicks v. Baylor Univ. Medical Ctr., 789 S.W.2d 299, 302 (Tex.
App.--Dallas 1990, writ denied); Reynolds Mfg. Co. v. Mendoza, 644
S.W.2d 536, 539 (Tex. App.--Corpus Christi 1982, no writ)).

 It is undisputed that appellee, at one time, had a sick leave policy
that allowed an employee to be paid for accrued sick leave at the time
his employment ended. This portion of an employee's final pay was
contingent on the following conditions: (1) the employee was retiring
in accordance with hospital approved retirement policies; or (2) the
employee was resigning and leaving the hospital after having completed
a minimum of ten years of continuous service as a full time regular
employee and was not resigning in lieu of discharge for cause or being
discharged for cause. Being a retiring employee or one who was
resigning after working at least ten years full time employment,
however, did not create a property right or contractual right in the
accrued benefits. See Gamble, 932 S.W.2D at 255 (citation omitted). 
The retirement and ten year provisions were conditions for payment,
but the payment was to be made only at the time employment ended. 
See id. When appellants' employment ended, the employee handbook
had changed. It no longer provided for payment of accrued sick leave
benefits to retiring or long term employees. See id.

 Appellants also contend that neither party may unilaterally alter
accrued compensation for labor already performed without
consideration because accrued benefits are not a gratuity, but a legally
enforceable obligation. However, an employee handbook expressly
giving appellee discretion to change its sick leave benefits does not
create a protected interest in accrued benefits. See e.g., Bailey v. City
of Austin, 972 S.W.2d 180, 191 (Tex. App.--Austin 1998, pet denied)
(handbook expressly giving city right to amend or eliminate health
benefits does not create protected interest in those benefits) (citing
Byars v. City of Austin, 910 S.W.2d 520,524 (Tex. App.--Austin 1995,
writ denied) (employee manual expressly giving city discretion to
terminate employees did not create protected interest in continued
employment)). Additionally, "[i]n an employment-at-will relationship,
either party may modify the employment terms as a condition of
continued employment." Gamble, 932 S.W.2D at 256. Appellee's
employee handbook specifically set out that "[t]he policies stated in this
handbook are subject to change at the sole discretion of [the hospital]. 
From time to time, you may receive updated information concerning
changes in policy. If you have any questions regarding any policies,
please ask your supervisor . . . for assistance." Thus, the employee
handbook which detailed several benefits available to its employees,
also gave appellee the right to change the benefits at any time. 
Appellee did, in fact, change its policy regarding sick leave before any
of the appellants left his employment with appellee. The new policy of
which appellants were informed provided that "[a]t the end of each
calendar year, employees may be eligible to sell back accrued sick time
at the rate of 2 for 1 in accordance with the Sick Leave Policy. SICK
LEAVE IS NOT PAID UPON TERMINATION."

 "When the employer notifies an employee of changes in
employment terms, the employee must accept the new terms or quit." 
Id. If he continues working with knowledge of the changes, the
employee accepts the modified terms as a matter of law and gives up
any right to claim anything other than that which is provided by the
new terms. See id., (citing Hathaway v. General Mills, Inc., 711 S.W.2d
227, 229 (Tex. 1986)). Appellants continued working for appellee after
its policy had changed. Appellants accepted the new terms by
remaining employed, and, thus, gave up any right to claim benefits
under the superseded policy.

 Thus, we conclude that no valid contract existed between
appellants and appellee, and that appellants do not have a legally
enforceable interest in the accrued sick leave benefits. Issues one and
two are overruled. 

 Accordingly, we AFFIRM the judgment of the trial court.

 NELDA V. RODRIGUEZ

 Justice



Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 10th day of August, 2000.

1. Brenda Park, plaintiff in the underlying lawsuit, is not a party to
this appeal.
2. The order on appellee's motion for summary judgment stated that
"[a]ny relief not specifically granted herein is denied."