NUMBER 13-06-108-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CHARLES R. WARD, III A/K/A CHUCK R. WARD, Appellant,


v.
 


CHARLES AND DIANA MALONE, Appellees.

 


On appeal from the 117th District Court 


of Nueces County, Texas.


 

 

MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 This suit involves multiple causes of action--claims and cross-claims-between
Charles and Diana Malone, appellees, and Charles R. Ward, III a/k/a Chuck R. Ward,
appellant. (1) The case was tried before a jury, and a take-nothing final judgment was
entered in favor of appellant. The only challenges on appeal are the trial court's pre-trial
rulings granting appellees' no-evidence summary judgment motion and denying appellant's
traditional motion on appellant's trespass to try title and writ of possession action. By one
issue, appellant contends the trial court erred when it denied him relief on his claim that
appellees defaulted under a contract for deed. We affirm.

I. Background

 Appellant and appellees entered into a contract for deed on November 30,1999. 
The contract set out, in relevant part, the following: "[i]n the event that the Borrowers
[appellees] transfer ownership (either legal or equitable) or any security interest in the
mortgaged property, whether voluntary or involuntary, the Lender [appellant] may at its
option declare the entire debt due and payable." On August 25, 2000, appellees signed
a contract with their attorney, Ward Thomas, Jr., agreeing to "assign absolutely and not for
the purposes of security an undivided 1/3 interest in the one certain Contract for Deed
dated November 30, 1999 between Charles and Diana Malone and Chuck R. Ward . . . ."

 On October 23, 2001, appellant's counsel sent a letter to Mr. Malone informing him
that "[a]s a consequence of . . . transferring 1/3 ownership," appellant was exercising his
option and declaring the entire debt due and payable. The letter stated that "DEMAND IS
MADE THAT THE REMAINING AMOUNT OF $49,317.22 (as of November 1, 2001) BE
PAID NO LATER THAN NOVEMBER 15, 2001 at 5:00 pm. YOUR FAILURE TO COMPLY
WITH THIS ACCELERATION NOTICE WILL BE CONSIDERED AN ACT OF DEFAULT." 
Appellant's demand was based on the premise that the assignment was a condition
precedent to his right to accelerate the debt, rather than an act of default--an argument
he now brings on appeal.

 On November 16, 2001, a second letter was sent to Mr. Malone informing him that
because he failed to comply with the "notice of intent to accelerate," he was "in default." 
It set out that "[a]ccordingly, YOU ARE GIVEN NOTICE THAT YOU ARE NOT
COMPLYING WITH THE TERMS OF THE CONTRACT TO BUY YOUR PROPERTY. 
Unless you take action specified in this notice by December 3, 2001 THE SELLER HAS
THE RIGHT TO TAKE POSSESSION OF YOUR PROPERTY." In order to avoid
repossession, appellant informed Mr. Malone that he was required to "[p]ay the now
delinquent amount of $48,914.90" and "attorney's fees of $175.00."

 Claiming that appellees had been in default of the contract since December 3, 2001,
appellant's December 22, 2001 letter to appellees demanded that they "vacate the property
no later than 15 days from the date of this letter." Appellant continued sending demand
letters in 2002.

II. Standard of Review

 The standard for review of a traditional summary judgment is well established: the
movant must show there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985). That is, a defendant movant must conclusively negate at least one essential
element of each of the plaintiff's causes of action or, alternatively, must conclusively
establish each element of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). Evidence is conclusive only if reasonable persons could not
differ in their conclusions. City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005). 
Where the defendant establishes his right to summary judgment as a matter of law, the
burden shifts to the plaintiff to present evidence sufficient to raise a genuine issue of
material fact. Clarendon Nat'l Ins. Co. v. Thompson, 199 S.W.3d 482, 486-487 (Tex.
App.-Houston [1st Dist.] 2006, no pet.). If the plaintiff does so, summary judgment is
precluded. Id.

 We review the trial court's summary judgment granting appellees' no-evidence
motion under the standards of rule 1661(i). Tex. R. Civ. P. 1661(i). A no-evidence
motion is essentially a motion for a pretrial directed verdict. Id.; Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 581-82 (Tex. 2006). Once a no-evidence motion is filed, the
non-moving party must present evidence raising an issue of material fact as to the
elements of the claim challenged in the motion. Mack Trucks, 206 S.W.3d at 581-82. 
A genuine issue of material fact exists if more than a scintilla of evidence establishing
the existence of the challenged element is produced. Morgan v. Anthony, 27 S.W.3d
928, 929 (Tex. 2000) (per curiam); Flameout Design & Fabrication, Inc. v. Pennzoil
Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.-Houston [1st Dist.] 1999, no pet.). 

 "When both sides move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both sides' summary judgment
evidence and determine all questions presented." FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000). Based on our review, this Court should then
render the judgment that the trial court should have rendered. Holy Cross Church of God
in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); Werden v. Nueces County Hosp. Dist.,
28 S.W.3d 649, 650-51 (Tex. App.-Corpus Christi 2000, no pet.). "When a trial court's
order granting summary judgment does not specify the grounds relied upon, the reviewing
court must affirm summary judgment if any of the summary judgment grounds are
meritorious." FM Props., 22 S.W.3d at 872.

III. Applicable Law

A. Act of Default

 "A contract for deed, unlike a mortgage, allows the seller to retain title to the
property until the purchaser has paid for the property in full." Flores v. Millennium Interests,
Ltd., 185 S.W.3d 427, 429 (Tex. 2005). Such sales are regulated by statute which, among
other things, defines "default" as the failure to make timely payments or comply with a term
of an executory contract and requires the seller to provide the purchaser with notice and
an opportunity to cure before enforcing the remedy of forfeiture and acceleration against
a purchaser in default under an executory contract. See Former Tex. Prop. Code Ann. §§
5.061, 5.063, 5.065. (2)

 The statutory requirements of former section 5.061 of the property code--the statute
in effect at the time of the alleged default--provided as follows:

 A seller may enforce the remedy of rescission or of forfeiture and
acceleration against a purchaser in default under an executory contract for
conveyance of real property used or to be used as the purchaser's residence
only if the seller notifies the purchaser of:


 (1) the seller's intent to enforce a remedy under this section; and


 (2) the expiration of the following periods:


 (A) if the purchaser has paid less than 10 percent of the
purchase price, 15 days after the date notice is given;


 (B) if the purchaser has paid 10 percent or more but less than
20 percent of the purchase price, 30 days after the date notice
is given; and


 (c) if the purchaser has paid 20 percent or more of the
purchase price, 60 days after the date notice is given.

Former Tex. Prop. Code Ann. § 5.061. Former section 5.063, the "right to cure" section
in effect at the time of the alleged default, set out the following:

 Notwithstanding an agreement to the contrary, a purchaser in default under
an executory contract for the conveyance of real property used or to be used
as the purchaser's residence may, at any time before expiration of the
applicable period provided by Section 5.061 of this code, avoid the
enforcement of a remedy described by that section by complying with the
terms of the contract up to the date of compliance.


Former Tex. Prop. Code Ann. § 5.063.

B. Condition Precedent

 "A condition precedent may be either a condition to the formation of the contract or
to an obligation to perform an existing agreement." Ford v. City State Bank of Palacios,
44 S.W.3d 121, 139-140 (Tex. App.-Corpus Christi 2001, no pet.) (quoting Hohenberg
Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex. 1976)). Because there
appears to be no disagreement that the contract was formed in this case, the condition
precedent urged by appellant in this case would be an event that must happen or be
performed before a right can accrue to enforce an obligation. See Centex Corp. v. Dalton,
840 S.W.2d 952, 956 (Tex. 1992); Hohenberg Bros., 537 S.W.2d at 3 ("Conditions
precedent to an obligation to perform are those acts or events, which occur subsequently
to the making of a contract, that must occur before there is a right to immediate
performance and before there is a breach of contractual duty.").

IV. Analysis

 Acknowledging that if there is a default under en executory contract, notice and a
right to cure must be given, appellant contends that appellees' assignment of the 1/3
interest in the property was not a default but a condition precedent that gave him the right
to accelerate the debt. He contends that the non-payment of the debt, once accelerated,
was the default for which he gave adequate notice. However, except for citing to one case
for the proposition that we must ascertain the true intention of the parties in construing a
contract, appellant has not provided supporting authority for his contention. In accordance
with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will only consider
contentions that are supported by clear and concise arguments with appropriate citations
to authorities and to the record. Tex. R. App. P. 38.1(h). Thus, this contention is
inadequately briefed.

 Nonetheless, we disagree with appellant's premise that the assignment was not an
act of default but was instead a condition precedent that triggered his right to accelerate
the debt. The dispute between appellant and appellees centers not on the existence of the
condition precedent, but rather on the terms of the agreement. It is obvious that the default
in this case, contemplated by the contract for deed and statute for which notice and the
right to cure are to be given, was the transfer of 1/3 of the land. That default authorized
appellant to accelerate and begin foreclosure proceedings. However, the applicable
sections of the Texas Property Code clearly provide that the maturity of payments due
under a contract for deed cannot be accelerated unless there has first been an act of
default under the contract for deed and the person obligated to make the payments has
been given notice and an opportunity to cure the default. (3) See Former Tex. Prop. Code
Ann. §§ 5.061, 5.063, 5.065. Therefore, as appellees urged in their no-evidence motion
for summary judgment and now on appeal, the threshold issue is whether notice was
given.

 Reviewing both sides' summary judgment evidence, we find no evidence of
appellant's providing notice to appellees and an opportunity to cure. (4) See FM Props., 22
S.W.3d at 872. Based on our review, we conclude that the trial court properly granted
appellees' no-evidence motion for summary judgment and denied appellant's traditional
motion. See Holy Cross Church, 44 S.W.3d at 566. We, therefore, overrule appellant's
sole issue.

 We decline to address appellant's remaining argument regarding appellees' alleged
limitations defense as it is not dispositive to this appeal. See Tex. R. App. P. 47.1.

V. Conclusion

 The judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 6th day of December, 2007.

1. This case has been before this Court on two prior occasions. See Ward v. Malone, 115 S.W.3d 267,
271 (Tex. App.-Corpus Christi 2003, pet. denied) (setting aside the judgment and dismissing the appeal for
want of jurisdiction because the justice court and county court at law did not have jurisdiction to determine the
issue of title); Malone v. Ward, No. 13-01-813-CV, 2002 Tex. App. LEXIS 7251, at *7-*10 (Tex. App.-Corpus
Christi Oct. 10, 2002, pet. denied) (mem. op., not designated for publication) (reversing and remanding the
grant of Ward's no-evidence summary judgment because there was more than a scintilla of evidence raising
a genuine issue of material fact on the asserted claims).
2. Amended by Acts 1995, 74th Leg., ch. 994, § 2, eff. Sept. 1, 1995. In September 2001, section 5.061
was amended and renumbered as section 5.064, section 5.063 as section 5.065, and section 5.065 as
section 5.061.
3. Although not dispositive of this appeal, the summary judgment record reveals that appellees' counsel
informed appellant's counsel, in a letter dated December 26, 2001, that he had released and disclaimed any
ownership in the contract which appellees had with appellant. A copy of the employment agreement between
the Malones and their counsel was attached. The assignment section of the agreement had been marked
out and the following notation appeared in the margin: "released & disclaimed 11/1/01."
4. We note that in his letters to appellees appellant described the failure to comply with the acceleration
notice as an act of default. Based on our analysis above, we disagree with such characterization.