Tiffany DRAKE, Appellant

v.

WILSON N. JONES MEDICAL CENTER, Appellee.

No. 05–07–01403–CV.

Court of Appeals of Texas, Dallas.

July 24, 2008.

Robert D. Ranen, Ranen & Netzer LLP, Plano, for Appellant.

Dena L. Mathis, John B. Kyle, Kyle, Campbell, Mathis and Lucas L.L.P., Dallas, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

Tiffany Drake appeals the summary judgment in favor of Wilson N. Jones Medical Center. In two issues, appellant asserts the trial judge erred in granting summary judgment because there was sufficient evidence appellee proximately caused her injuries and that appellee breached its contract with her. We affirm.

### Factual Background

Appellant was employed as a nurse by appellee. While moving a hospital patient out of bed into a chair, appellant tripped over the patient's Foley catheter, causing appellant to fall to her knees. Appellant refused medical treatment on the date of her fall. Approximately one month later, appellant spoke with fellow employee Celia Akins regarding receiving medical treatment related to the fall. Akins informed appellant she would have to submit to a drug screen before she was eligible for medical treatment at appellee's facilities. In order to avoid the drug test, appellant declined the drug screen and withdrew her request for medical treatment. Appellant's refusal of the drug screen raised suspicion and resulted in appellee requesting a for-cause drug screen. Appellant initially refused the for-cause drug test, because she was concerned the test would be positive for, among other things, narcotics and marijuana. Appellant eventually agreed to the for-cause drug test. Pursuant to appellee's policy, appellant was placed on administrative leave pending the drug test results. Before the drug test

results were reported and while on administrative leave, appellant resigned. After her resignation, appellant's drug screen results were received and were positive for marijuana and a narcotic agent.

Appellant sued appellee for negligence, alleging damages from her fall. She also sued for breach of contract claiming appellee owed her $2,458.91 for the cash value of accrued paid time off (PTO). Appellee moved for traditional and no-evidence summary judgment on appellant's causes of action. Without stating the grounds, the trial judge granted summary judgment.

## Standard of Review

The standard for reviewing a traditional summary judgment is well established. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who moves for summary judgment must show the plaintiff has no cause of action. A defendant may meet this burden by either disproving at least one essential element of each theory of recovery or conclusively proving all elements of an affirmative defense. *See Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *See Kang v. Hyundai Corp.*, 992 S.W.2d 499, 501 (Tex.App.-Dallas 1999, no pet.).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* Tex.R. Civ. P. 166a(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills*, 12 S.W.3d at 833. When analyzing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon*, 690 S.W.2d at 549 (traditional summary judgment); *Gen. Mills*, 12 S.W.3d at 833 (no-evidence summary judgment).

When the trial judge does not specify the basis for his ruling, it is appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insufficient to support the judgment. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Caldwell v. Curioni*, 125 S.W.3d 784, 789 (Tex.App.-Dallas 2004, pet. denied). And when the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 567 (Tex. 1989).

## Application of Law to Facts

### A. Negligence

Appellee sought summary judgment on appellant's negligence cause of action because there was no evidence of proximate cause. In the first issue, appellant asserts the trial judge erred in granting summary judgment on her negligence claim because appellee being short-staffed on the day of the fall was the proximate cause of her injuries.

A cause of action for negligence has three elements: a legal duty, breach of that duty, and damages proximately resulting from the breach. *Praesel v. John-*

son, 967 S.W.2d 391, 394 (Tex.1998). Plaintiff must plead and prove the defendant's negligence is the proximate cause of her injury. Proximate cause must meet a two-pronged test: cause in fact and foreseeability. *See Farley v. M M Cattle Co.,* 529 S.W.2d 751, 755 (Tex.1975). Cause in fact is established when the act or omission was a substantial factor in bringing about the injury, and, without it, the harm would not have occurred. *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason,* 143 S.W.3d 794, 799 (Tex.2004).

■ An employer has a non-delegable duty to provide a safe place to work and adequate help in a work assignment. *See Heritage Manor, Inc. v. Tidball,* 724 S.W.2d 952, 955 (Tex.App.-San Antonio 1987, no writ). However, "[t]he employer is not liable when he has provided help and injury results from the act of the employee in voluntarily proceeding to do the work without assistance." *W. Union Tel. Co. v. Coker,* 146 Tex. 190, 193, 204 S.W.2d 977, 979 (1947). *See also Great Atl. & Pac. Tea Co. v. Evans,* 142 Tex. 1, 4–5, 175 S.W.2d 249, 251 (1943) (employer not negligent where not reasonably foreseeable employee doing work without assistance would suffer injury); *Fields v. Burlison Packing Co.,* 405 S.W.2d 105, 107–08 (Tex.Civ.App.-Fort Worth 1966, writ ref'd n.r.e.) (worker made no effort to determine whether employer or fellow employees could or would help her and employer should be given opportunity to respond to employee's request for assistance). "The law does not require an employer to assign to each employee an assistant when the duties or work assignments of such employee may only occasionally require assistance and such assistance when needed is available." *Id.* at 108. An employer is not liable when sufficient help is nearby and available and the employee does the work alone without seeking or asking for assistance. *Id.* at 111. *See also Shumake v. Great Atl. & Pac. Tea Co.,* 255 S.W.2d 949, 951–52 (Tex. Civ.App.-Dallas 1953, writ ref'd n.r.e.).

Appellant claims appellee was "short-staffed" on the day of her fall requiring her to "move from one side of the bed to the other in order to situate" the patient. Although the evidence indicates assistance was available, appellant admitted in her deposition she did not request assistance before attempting to move the patient. Employee Sharon Waller and appellant's supervisor, Connie Almon, were in close proximity to the room in which appellant fell, and they entered the room immediately after the fall. Further, appellant testified she previously moved patients single-handedly without regard to available staff assistance. Therefore, regardless of whether appellee had adequate staffing on the day of the fall, appellee's alleged negligence did not have a causative role in the fall.

We conclude the trial judge did not err in granting summary judgment on appellant's negligence claim, thus, we overrule appellant's first issue.

**B. Breach of Contract**

■ Appellee moved for summary judgment on appellant's breach of contract cause of action because there was no evidence appellee breached a contract with appellant. Appellant asserts the trial judge erred in granting summary judgment on her breach of contract action because appellee failed to pay her PTO after she resigned.

The elements of breach of contract are: a valid contract, performance or tendered performance by the plaintiff, breach of the contract by the defendant, and damages sustained by the plaintiff as a result of that breach. *See Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.,* 184 S.W.3d 760, 769 (Tex.App.-Dallas 2005, pet. denied). The

question presented here is whether a valid contract existed between appellant and appellee for the PTO.

Appellant signed an acknowledgment of receipt of the employee handbook, referred to as a "guide." That document included a specific acknowledgment of appellant's at-will relationship with appellee and that neither the employee handbook nor any of appellee's policies, procedures, memoranda, publications or manuals may be construed as contractual in nature. Appellee's disclaimer demonstrates the clear intent not to create any binding contractual rights through its employee handbook. *See Williams v. First Tenn. Nat'l. Corp.,* 97 S.W.3d 798, 803 (Tex.App.-Dallas 2003, no pet.)(no employment contract where handbook contains express disclaimer). *See also Werden v. Nueces County Hosp. Dist.,* 28 S.W.3d 649, 651 (Tex.App.-Corpus Christi 2000, no pet.)(citing *Gamble v. Gregg County,* 932 S.W.2d 253, 255 (Tex. App.-Texarkana 1996, no writ)). The PTO policy was voluntary and could be altered, amended, modified, or terminated at any time. *See Gamble,* 932 S.W.2d at 255 (provision stating employer may unilaterally change policies and practices does not express intent to vest contractual rights).

The record is devoid of facts that would elevate the employee handbook beyond its self-proclaimed status of a revocable general guideline. *See Berry v. Doctor's Health Facilities,* 715 S.W.2d 60, 61–62 (Tex.App.-Dallas 1986, no writ). Because

no contract existed between appellant and appellee, the trial judge did not err in granting summary judgment on the breach of contract cause of action.[1]  Accordingly, we overrule appellant's second issue.

We affirm the trial court judgment.

---

1. Appellee's policy and procedure concerning PTO states:

Upon termination, an employee is entitled to receive pay for the balance of all PTO time that has not been taken providing they have completed one year of eligible service. In addition, if an employee is terminated for cause or fails to give an adequate notice, the PTO payout will be forfeited. . . .

NOTE: Adequate notice is defined as 2 weeks for non-exempt employees and 30 days for exempt employees.

Even if the parties had entered into a contract, appellee committed no breach by failing to give appellant PTO. Appellant's resignation letter stated, "Two weeks notice will be given as needed or deferred, at the company's request." Here, appellant, a non-exempt employee, was on administrative leave at the time of her resignation and, therefore, unable to work for the two-week period.