**AFFIRM; and Opinion Filed March 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00708-CR

**MICKEY JOHN MCCORMICK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 12CL-0273-2**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

A jury convicted appellant Mickey John McCormick of driving while intoxicated. After granting a motion for new trial on punishment, the trial court suspended confinement in county jail and granted community supervision for two years. On appeal, he challenges the sufficiency of the evidence to support his conviction, the admission of demonstrative evidence, and arguments by the State during closing. We affirm the trial court's judgment.

### Background

After midnight on the morning of September 3, 2011, Jeremy Ashcraft and his family were driving home after an evening at the movies. Ashcraft observed a blue truck parked on the side of the road "and then all of sudden it took off real fast and went into the ditch on the opposite side, and then he corrected real quick." He said the truck returned to normal driving for a short time, but then started swerving again. He described it as swerving from left to right, and

back and forth from ditch to ditch. Because it was a two-lane road, the truck was moving into oncoming traffic. At one point, Ashcraft said the truck was driving towards a F-250 truck pulling a horse trailer in the other lane. At the last minute, the trucks swerved to miss each other. He said the blue truck continued driving dangerously for about ten to fifteen minutes. Because Ashcraft feared for his and others' safety, he called 9-1-1.

Officer Jason Stastny responded to the 9-1-1 call and pulled appellant over. When Officer Stastny approached the vehicle and began talking to appellant, he detected a slight odor of alcohol coming from inside. When he asked appellant to exit the truck, appellant moved sluggishly and he held on to the side of the truck for balance. Officer Stastny then smelled alcohol emanating from appellant. Appellant admitted to drinking two or three beers at a friend's house over the period of three or four hours.

Officer Stastny then performed the three standard field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. Appellant showed all six signs of intoxication on the horizontal gaze nystagmus test, and he also showed signs of vertical nystagmus. Appellant "didn't do well" on the one-leg stand test. He put his foot down several times, used his arms for balance, and could not hold his foot for thirty seconds. Although appellant told Officer Stastny he broke his right ankle a couple months prior, Officer Stastny did not think the injury invalidated the test. When asked how appellant performed on the walk-and-turn test, Officer Stastny said, "In a word, poorly." Appellant did not touch heel to toe most of the steps, and he failed to turn around as instructed. In addition to Officer Stastny's testimony, the jury also watched the dash cam video of appellant's performance on the tests.

After completing the field sobriety tests, Officer Stastny determined appellant was intoxicated and arrested him. Officer Stastny read appellant the statutory warnings, which

requested a specimen of breath or blood and the consequences for refusing to submit to the taking of a specimen. He requested a blood sample, and appellant consented.

Officer Stastny then took appellant to the hospital for a blood draw. The hospital form required appellant's signature for consent to draw the blood, but appellant refused to sign it. Officer Stastny testified Kaufman County did not have a procedure or judge available to obtain a warrant to draw blood at that time of night.

The State charged appellant with DWI, and a jury convicted him of the offense. This appeal followed.

### Sufficiency of the Evidence

In his first issue, appellant argues the evidence is legally insufficient because the State failed to prove he was intoxicated while operating a motor vehicle in a public place. The State responds the evidence was more than sufficient to support conviction.

The standard for determining whether the evidence is legally sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S 307, 319 (1979); *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012). The jury is the exclusive judge of witness credibility and the weight to be given testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc). It is also the exclusive province of the jury to reconcile conflicts in the evidence. *Id*.

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's

theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*. A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04 (West Supp. 2013). "Intoxicated" means "not having the normal use of mental or physical faculties by reason of introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance in the body." *Id*. § 49.01(2)(A).

Appellant argues the State failed to prove he lost any of his normal mental or physical faculties because of the introduction of alcohol into his system. He focuses on the fact that he was stopped after midnight, he had worked a long day, and Officer Stastny admitted being tired and fatigued has some of the same symptoms as impairment. Appellant argues his own admission of consuming two or three beers and Officer Stastny's faint detection of alcohol emanating from his car and person is insufficient to prove intoxication by introduction of alcohol.

We disagree. Under the appropriate review of the evidence, we consider only the evidence supporting conviction. We defer to the jury's determination regarding conflicting evidence. Here, the jury heard and saw video evidence of appellant's intoxication. As a general rule, the testimony of a peace officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Dumas v. State*, 812 S.W.2d 611, 615 (Tex. App.—Dallas 1991, pet. ref'd). Officer Stastny testified appellant failed the three field sobriety tests. He described appellant as slurring his speech and smelling of alcohol.

The jury also heard the testimony of Ashcraft, who described appellant's dangerous and erratic driving behavior. While appellant tried to argue he was swerving to miss debris in the road and the video dash cam does in fact show some debris when Officer Stastny initiated the

stop, the jury also heard Ashcraft testify there was no debris in the road at the time prior to the stop when appellant was swerving from ditch to ditch and into oncoming traffic. Thus, we conclude the evidence is legally sufficient to support appellant's conviction.

In reaching this conclusion, we are not persuaded by appellant's argument in which he appears to argue that Officer Stastny should not have been allowed to present "lay testimony" under Texas Rule of Evidence 701 because he was qualified as an expert in field sobriety testing. First, we note appellant did not object or raise this argument to the trial court. However, even disregarding his failure to object, appellant's reliance on *Harnett v. State*, 28 S.W.3d 650, 658 (Tex. App.—Austin 2000, pet. ref'd) is without merit. *Harnett* specifically provides, "A witness may qualify to give testimony under *both* Rule 702 governing expert witnesses and Rule 701 permitting a lay or non-expert witness to offer opinions or inferences if the witness's testimony is based on first-hand knowledge." *Id.* (emphasis added). Moreover, even with specialized training, a police officer-witness is not precluded from providing lay opinion testimony. *See Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002); *Taylor v. State*, No. 03-03-00624-CR, 2006 WL 1649037, at *12 (Tex. App.—Austin June 16, 2006, pet. ref'd) (mem. op., not designated for publication). Thus, even if Officer Stastny was qualified as an expert in field sobriety testing, such expertise did not prevent him from testifying to his own "lay" observations of appellant's demeanor on the night in question. Accordingly, appellant's first issue is overruled.

**Horizontal Gaze Nystagmus Videotape**

In his second issue, appellant argues the trial court abused its discretion by admitting a demonstration videotape of an unknown person's eyes showing horizontal gaze nystagmus because the State failed to lay the proper predicate for its admission. The State responds

appellant waived his argument. In the alternative, the State asserts the trial court properly admitted it, and appellant was not harmed.

During Officer Stastny's testimony, the State sought to introduce a demonstration video of horizontal gaze nystagmus. The State admitted it was not appellant's eyes on the video, and it did they know anything about the medical or physical history of the person in the video. Appellant objected that "unless there's a proper predicate laid . . . to show who it is, who the test was done on, when the test was done, what the history, medical background of the person that this test is being done on, who did the test. Without that, its - - no proper predicate." The State responded with argument in support of admitting the video.

The issue was further discussed outside the presence of the jury, and the trial judge watched the video. The trial court told appellant he could cross examine Officer Stastny, and after the jury was brought back in, appellant took Officer Stastny on voir dire. However, the record then indicates a "discussion at bench off the record." Immediately thereafter, the State offered the video into evidence and appellant stated, "No objections." The trial court admitted the video. Appellant then immediately said, "Well, Your Honor, just for the record, I do have objections to its playing and publishing and its admissibility." The trial court overruled his objections, and the jury watched the video.

The State argues appellant waived his issue by stating "no objections"; however, because appellant immediately stated his objections on the record shortly thereafter, we will not construe the waiver rules so strictly. As the court of criminal appeals cautioned in *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992),

> The standards of procedural default, therefore, are not to be implemented by splitting hairs in the appellant courts. As regards to specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for

the judge to understand him at a time when the trial court is in a proper position to do something about it.

Because appellant raised his objection at a time for the trial court to consider it, we shall address whether the trial court abused its discretion by overruling it.

A trial court's decision to permit the use of demonstrative evidence is reviewed under an abuse of discretion standard. *Hartsock v. State*, 322 S.W.3d 775 (Tex. App.—Fort Worth 2010, no pet.). If the trial court's ruling was within the zone of reasonable disagreement, there is no abuse of discretion. *Id*.

In *Hartsock*, the Fort Worth Court of Appeals faced the similar issue raised by appellant: whether the admission of a DVD demonstrating HGN, though not of the defendant, was admissible. The court concluded the DVD was admissible as demonstrative evidence. In reaching this conclusion, it considered (1) the DVD was not used by the officer as scientific proof the defendant was intoxicated; (2) the officer authenticated and identified it as one he viewed in the district attorney's office and it was used to help officers identify HGN; (3) the officer told the jury it was not the defendant's eyes on the video; (4) the officer testified it would help him with his testimony and help the jury understand the signs he looks for when conducting the HGN test; and (5) the trial court instructed the jury to consider the DVD as only demonstrative evidence. *Id*. at 779.

Similar to the record before us, Officer Stastny testified be believed it would be helpful for the jury to view the video and see HGN. Outside the presence of the jury, the State indicated the video was created by NHTSA and was shown in "baby prosecutor school." Further, the video was not used as scientific proof that appellant was intoxicated.

Unlike the facts of *Hartsock*, Officer Stastny could not say who created the video. When asked "Was it [appellant's] eyes or not?," he responded, "I'm not sure." Moreover, the record does not contain any jury instructions from the trial court regarding the video. However, we do

–7–

not conclude that these factual distinctions resulted in the trial court abusing its discretion in admitting the video. *See, e.g. Redfearn v. State*, No. 2-09-270-CR, 2010 WL 3377796, at *4 (Tex. App.—Fort Worth Jan. 26, 2011, pet. ref'd) (mem. op., not designated for publication) (holding admission of HGN demonstrative video proper when officer testified he reviewed it before trial and it would help the jury understand his testimony regarding the test administered to defendant).

Even assuming the trial court erred in admitting the HGN video, any error was harmless. Error in the admission of evidence constitutes non-constitutional error that is subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). Under this rule, any non-constitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b); *Kamen v. State*, 305 S.W.3d 192, 197 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Kamen*, 305 S.W.3d at 197. A conviction should not be overturned for such error if the court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect. *Cobb v. State*, 85 S.W.3d 258, 272 (Tex. Crim. App. 2002).

After considering the record as a whole, we cannot conclude admission of the video had an injurious effect or influenced the jury's verdict. The jury heard testimony from Ashcraft that appellant was swerving all over the road for approximately fifteen minutes and almost caused head-on collisions. Officer Stastny testified he smelled alcohol coming from inside the truck and from appellant's person. Appellant admitted to drinking on the night in question. Officer Stastny testified appellant failed all three field sobriety tests, and the jury watched the dash cam video from the stop. Thus, the admission of a video demonstrating HGN in an unknown

individual probably did not influence the jury's finding of appellant's guilt. We overrule appellant's second issue.

### Jury Argument

In his third issue, appellant argues the trial court erred by overruling his objections to improper references during closing argument about appellant's CDL license and his alleged lack of consent to the blood draw. The State contends the issue is not preserved for review. Appellant acknowledges "counsel's objection was not the clearest objection he could have made," but asks this court not to apply the rules of preservation in a "hypertechnical" manner because he said enough to put the trial court on notice of his complaint.

During closing argument, the State argued the following:

> Ladies and Gentlemen, it's okay to feel a little sympathetic that maybe, you know, he - - he's going to lose his CDL license. But that's not your job right now. Your role today is to determine whether or not Mr. McCormick was driving while intoxicated, whether or not we proved all of these to you beyond a reasonable doubt. And he could have given blood. He knew the consequences, that he was not going to be able to drive for six months, and as a CDL holder, he was going to lose his license for one year.

Appellant then objected, "There's no evidence concerning what the blood test result was."

On appeal, he argues the objection put the trial court on notice that he believed the State's argument were improper personal opinions of the prosecutor and referenced matters outside the record. We disagree. The purpose of a specific objection is to inform the trial court of the complaint at a time when the trial court is in the proper position to do something about it. *Everitt v. State*, 407 S.W.3d 259, 263 (Tex. Crim. App. 2013). His objection was not specific enough to alert the trial court that he was complaining about improper personal opinions or matters outside the record. Accordingly, the argument he raises on appeal does not comport with his objection to the trial court. *Brown v. State*, 333 S.W.3d 606, 614 (Tex. App.—Dallas 2009, no pet.) (holding

if a party asserts a different complaint on appeal than the one made at trial, the issue is waived).

Thus, his issue is waived. We overrule appellant's third issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130708F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICKEY JOHN MCCORMICK, Appellant

No. 05-13-00708-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Kaufman County, Texas
Trial Court Cause No. 12CL-0273-2.
Opinion delivered by Justice O'Neill.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of March, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE